258 A.2d 566.

LeRoy Edwards and Ellwood Thomas, *Executors u/w of Maud A. K. Wetmore; LeRoy Edwards and Charles Moran, Jr., Executors u/w of Edith Malvina K. Wetmore vs.* Herbert F. DeSimone, *Attorney General of the State of Rhode Island, et al.*

NOVEMBER 14, 1969.

Present: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

PAOLINO, J. After we filed our decision in *Edwards* v. *DeSimone,* 105 R. I. 335, 252 A.2d 327, the defendants Audrey Hoffman Clinton and Iris Sellar Veeder filed a motion for leave to file a petition for partial reconsideration of our decision in that case. We denied the motion but entered an order granting the parties permission to reargue the limited question raised in their motion. *Edwards* v. *DeSimone,* 105 R. I. 787, 253 A.2d 626.

The question presented is whether Article Eleventh of the will of Maude A. K. Wetmore and Article Tenth of the will of Edith Malvina K. Wetmore should apply to the disposition of the tangible personal property located at Chateau-sur-Mer, Bellevue Avenue, Newport, or whether the residuary clause in the will of each of them should apply. It appears from the record that all interested parties have been notified of the filing and pendency of this proceeding. Briefs have been filed by the attorney representing those in the military service, by the guardian ad litem for the minor defendants and all persons not ascertained and not in being who have or may have an interest in this matter, by the trustees under the wills of Maude and Edith, and by the other defendants, Rita D. S. Thornton, Norrie W. Sellar, Rosalie D. S. Berl, Alix C. S. Sadron, and Owen N. Sellar. We shall hereinafter sometimes refer to the latter five as "the other defendants." The Attorney General filed a

statement leaving this matter to the Court to decide and The Society for the Preservation of New England Antiquities filed an answer stating it did not desire to participate.

In Article Tenth of Maude's will and Article Ninth of Edith's will, plus her second codicil, The Society for the Preservation of New England Antiquities was left the real estate at the Chateau, the tangible personal property with certain exceptions, and certain intangible property consisting of cash and the remainder in a trust fund. After Edith's death, the Society renounced under both wills. In *Edwards, supra,* 105 R. I. 335, 252 A.2d 327, we were asked to determine who should receive the property left to the Society after such disclaimer by the Society. We held that the property so bequeathed and devised passed to the trustees named in the residuary clause of each will.

Mrs. Clinton and Mrs. Veeder, whom we shall sometimes refer to as "the defendants," do not contest the decision in *Edwards, id.* at 327, as it relates to the real property and the intangible personal property. They now say that, by inadvertence, neither the complaint itself nor the arguments expressly called to the attention of the Court the possibility that Maude's Article Eleventh and Edith's Article Tenth might require a distribution of the tangible personal property, not to the trustees of the residue, but outright to the three cousins, Mrs. Clinton, Mrs. Veeder and Mr. Sellar. They now argue that the tangible personal property bequeathed to the Society by each of the sisters should, upon the Society's disclaimer, have been distributed under Article Eleventh of Maude's will and under Article Tenth of Edith's will rather than under the residuary clause in each of the wills. If their position is correct, they would each receive an outright one-third interest in the property; if the property passes under the residuary clauses, they would each receive only a life estate therein.

Article Eleventh of Maude's will reads as follows:

"All my other articles of household use or ornament, furniture, furnishings, books, pictures and works of art, not hereinabove otherwise disposed of, and my automobiles, I give and bequeath to my sister Edith Malvina K. Wetmore, if she survive me; and if she do not survive me, then in equal shares to and among Norrie Sherman Sellar, Audrey Hoffman Clinton and Iris Sellar Veeder, and the survivors and survivor of them who shall be living at my death."

Article Tenth of Edith's will reads as follows:

"All my other articles of household use or ornament, furniture, furnishings, books, pictures and works of art, not hereinabove otherwise disposed of, and my automobiles, I give and bequeath in equal shares to and among Norrie Sherman Sellar, Audrey Hoffman Clinton and Iris Sellar Veeder, or if any of them should not survive me, then to the survivors or survivor of them who shall be living at my death."

The defendants, Mrs. Clinton and Mrs. Veeder, advance several arguments to support their thesis that the tangible personal property bequeathed to the Society by each of the sisters should, upon the Society's disclaimer, have been distributed under Article Eleventh of Maude's will and under Article Tenth of Edith's will. As to the intent of the testatrices, they argue that there seems to be a high degree of probability that a dominant purpose was to keep the articles of furniture, art, and ornament out of the residuary trusts because those trusts were "income only" trusts — paying income to the three cousins for their respective lives, with the remainder going to their issue. They elaborate on their argument, but the sum and substance of what they argue is that, in using the phrase "not hereinabove otherwise disposed of" in Articles Eleventh and Tenth of their respective wills, Maude and Edith meant "not hereinabove otherwise effectively disposed of."

They further argue that, apart from a search for intent in the testamentary scheme of the sisters, our case law indi-

cates that a phrase such as each of them used in referring to tangibles "not hereinabove otherwise disposed of" is to be taken as referring to effective disposition, not merely attempted disposition. They cite as examples *MacDonald* v. *Manning*, 103 R. I. 538, 548-551, 239 A.2d 640, 647; *Rhode Island Hospital Trust Co.* v. *Votolato*, 102 R. I. 467, 472-473, 479, 481, 231 A.2d 491, 494, 497, 498; *Industrial National Bank* v. *Drysdale*, 84 R. I. 385, 125 A.2d 87; and *Peckham* v. *Newton*, 15 R. I. 321, 4 A. 758.

The defendants admit that there are two points about the wills which might be considered adverse to their position. They refer to the fact that the residuary clauses in both wills include "* * * all legacies which may lapse or for any reason fail to take effect * * *." But they argue that such general language should not supersede the specific language relating to furniture, furnishings, works of art, etc., "not hereinabove otherwise disposed of." Secondly, they refer to Article Sixth of Maude's will wherein she left furniture, etc., at their home in Katonah, New York, to Edith, and, if Edith did not survive, then to Maude's "residuary estate." They point out that this is the only place in either will where tangibles were not specifically bequeathed to persons or corporations other than the residuary trustees.

The guardian ad litem and the attorney representing those in the military service concur in the brief filed by counsel for the other defendants, Rita D. S. Thornton, Norrie W. Sellar, Rosalie D. S. Berl, Alix C. S. Sadron, and Owen N. Sellar. They argue that Maude and Edith clearly expressed their testamentary intent as to the disposition of the tangible personal property which, together with the real estate and intangible personalty, the Society disclaimed; that, therefore, there is no occasion to apply any rules of construction to ascertain their intent; that we should not alter or amend our decision in *Edwards* v.

*DeSimone, supra,* 105 R. I. 335, 252 A.2d 327; and that the property disclaimed by the Society should be distributed as a part of the residuary estate of the sisters. We agree. As we said in *Edwards, id.* at 333, the dominant testamentary intent of the two sisters is ascertainable within the four corners of their respective wills and codicils and, consequently, employment of rules of construction is inappropriate. *Rhode Island Hospital Trust Co.* v. *Bateman,* 93 R. I. 116, 172 A.2d 84.

We do not agree with the position of Mrs. Clinton and Mrs. Veeder that, in using the phrase "not hereinabove otherwise disposed of," Maude and Edith meant "not hereinabove otherwise effectively disposed of." Both wills have provided expressly and clearly for the disposition of property which for any reason was not properly disposed of or the disposition of which failed to take effect. These situations were considered by them and taken care of in their respective residuary clauses. In *Edwards* we said concerning Maude's will, "She has spoken clearly with respect to her paramount, dispositive intent relative to any and all legacies which may fail to take effect." *Id.* 252 A.2d at 334. See also pages 331-332, where we pointed out that both wills provided, in addition to the usual language, that the residuary trusts shall include "* * * all legacies which may lapse or for any reason fail to take effect * * *."

We have considered all of the arguments made by defendants Mrs. Clinton and Mrs. Veeder, but, because of the view we have taken, it will serve no useful purpose to discuss them further. Nor is it necessary to discuss the cases cited by them. We are satisfied that Maude and Edith did not intend to use the phrase "not hereinabove otherwise disposed of" to mean "not hereinabove otherwise effectively disposed of." As used by Maude and Edith, the phrase has a simple and clear meaning. Each of them bequeathed items of personal property to various individuals and in-

stitutions. Not wishing to give the Society items in the Newport house already mentioned in prior paragraphs of their respective wills, they sought to exclude from the gift to the Society items which were "hereinabove otherwise disposed of." For the same reason, they included that phrase in the gifts to Mrs. Clinton, Mrs. Veeder and Norrie S. Sellar. That, and that alone, was their intent in using the phrase in question. As we have previously stated, and as noted in the briefs of the other defendants, the devolution of property which for some reason was not properly disposed of or the disposition of which for any reason failed to take effect was considered by Maude and Edith and provided for by them in their respective residuary clauses.

The parties may present for our approval a judgment in accordance with this opinion to be entered in the Superior Court.

JOSLIN, J., did not participate.

*Sheffield & Harvey, Richard B. Sheffield,* for plaintiffs.

*Attorneys for Defendants:*
*Umsted & Going, Joseph B. Going,* Guardian ad litem.

*Tillinghast, Collins & Tanner, Edwin H. Hastings, Townsend M. McAlpin,* for Audrey H. Clinton, Iris S. Veeder.

*Sullivan & Burke, Mortimer A. Sullivan,* for those in Military Service.

*Graham, Reid, Ewing & Stapleton, Joachim A. Weissfeld, Pepper, Hamilton & Scheetz, Edward W. Madeira, Jr.,* for Rita D. S. Thornton, Norrie W. Sellar, Rosalie D. S. Berl, Alix C. S. Sadron and Owen N. Sellar.