DESERVING POOR BOYS PRIESTHOOD ASS'N *et al.* vs. RHODE ISLAND HOSPITAL TRUST CO. *et al.*

MAY 29, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought for the purpose of securing the construction of the seventh clause of the will of Teresa M. Collins, late of Providence, deceased.

The bill was filed in the Superior Court. A guardian ad litem was appointed to represent the contingent interest of minors and persons not in being or not ascertainable. Testimony was taken showing the identity of the complainants and other facts relevant to the issues raised by the pleadings. The cause, being ready for hearing for final decree, was certified to this court for determination as required by § 4968, G. L. 1923.

It appears in the record that the testatrix was a member of the Roman Catholic Church and took an active interest in its charities. After making bequests to her near relatives and friends, she gave the residuum of her property in equal shares to five Catholic charities hereinafter mentioned. These charities are described by their popular names and not by their correct corporate names. Complainants allege they are the legatees and devisees intended by the testatrix to be recipients of her property under the seventh clause of her will.

This court has held that the misnomer of a legatee is immaterial if the person intended can be identified by the description in the will, that parol evidence is admissible to identify a legatee, and that a mere mistake in the name or description of the legatee will not render the legacy void if the person intended by the testator can be correctly ascertained either from the will or from extrinsic evidence. *Farrell* v. *Sullivan*, 49 R. I. 468; *Pawtuxet Baptist Soc.* v. *Pawtuxet Baptist Church & Society*, 50 R. I. 200; 40 Cyc. 1439, 1441, 1447. 28 R. C. L. 276.

The first legatee mentioned in said seventh clause is "The Dominican Order for the education of priests." It appears in evidence that the Dominican Order is a worldwide religious organization connected with the Roman Catholic Church; that Providence College and two parishes in the City of Providence are under its supervision; that said Order has a subsidiary association incorporated under the laws of the State of New Jersey under the name of "Deserving Boys Priesthood Association" whose purpose

is to educate priests; that this association is the only association of the Dominican Order actively engaged in rendering financial assistance in the education of priests, and that any property given to the Dominican Order for the education of priests is delivered to said association to be used for the purposes for which it was given.

The second and third legatees named in said clause are "The Rhode Island Catholic Orphan Asylum of Providence, R. I." and "The Little Sisters of the Poor, Pawtucket, R. I." It appears in evidence that the correct names of these legatees are "The Rhode Island Catholic Orphan Asylum" and the "Home for the Aged of the Little Sisters of the Poor." Both are corporations created by acts of the General Assembly of this State, the former being located in Providence and the latter in Pawtucket.

The fourth legatee is "The Shrine of the Immaculate Virgin, Washington, D. C." The evidence proves the correct title of the Shrine to be "National Shrine of the Immaculate Conception." The Shrine is a large church edifice of monumental grandeur which has been in the process of erection since 1920. It is located on land of the Catholic University of America, Washington, D. C. The expense of the erection of the Shrine is met by voluntary contributions of Catholics and others throughout the United States.

The fifth legatee is "the Foreign Missions through the Extension Society of Maryknoll, N. Y." It appears in evidence that there is no society at Maryknoll, N. Y. having this name. It also appears that at said Maryknoll there is located a corporation organized under the laws of the State of New York in 1912 by the name of the "Catholic Foreign Mission Society of America, Inc." and that it is sometimes referred to by the title used in the will above quoted.

It appears from the testimony of a niece of the testatrix, and others, that the testatrix was interested in the work being done by all the charities which have been referred to

and that she made frequent contributions of money to some of them. Three letters, written by the testatrix, enclosing contributions to the Monsignor having charge of the collection of funds for the "National Shrine of the Immaculate Conception" have been filed in evidence.

It has been clearly proved that the complainants are the legatees and devisees intended to be designated by the testatrix in the seventh clause of her will and the parties are so advised.

June 5, 1933, the parties may submit for our approval a form of decree in accordance with this opinion to be entered in the Superior Court.

*Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for complainants.

*Tillinghast & Collins, George C. Davis,* for respondent.

*Edward W. Day,* guardian *ad litem.*