WARWICK CENTRAL BAPTIST SOCIETY *vs.* EMILY I. HOHLER,
*et al.*

APRIL 30, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.    This is a bill in equity for the construction of a will. Testimony was taken in the superior court and when the cause was ready for hearing for final decree it was certified, under general laws 1938, chapter 545, §7, to this court for final determination.

It appears from the bill of complaint that Henry Whitman Greene, late of Warwick, in this state, who died January 20, 1897, left a will dated February 27, 1896, which was duly admitted to probate March 8, 1897. His will contained the following devise: "VI. After the decease of my said wife as aforesaid, I give and devise to the Free Will Baptist Society of Apponaug, in said Warwick, the house and lot now owned by me in said village of Apponaug, nearly opposite the meeting-house of the said Baptist Society; said house and lot to be used as a parsonage, or the income arising therefrom to be devoted by said Society to the support of public worship in said village of Apponaug."

Testator's wife, the life tenant, is now dead and it is admitted that there is no "Free Will Baptist Society of Apponaug". The complainant contends that the devise was for

its benefit. The respondents are the persons entitled to the property in question under the residuary clause of the will as heirs at law of the testator in case the devise was void for want of a legal devisee. Some of the respondents answered the bill by leaving the complainant to its proof, while others filed no answers and the bill was taken *pro confesso* as against them.

The evidence, which was introduced to assist in ascertaining the testator's true intent, is uncontradicted. It appears that there were two interrelated organizations, the Warwick Central Baptist Church and the Warwick Central Baptist Society, this complainant. Unless otherwise stated, they will hereinafter be referred to as the church and the society respectively. From the date of its organization in 1835 until 1915, the church was an unincorporated association under the name of Warwick Central *Free Will* Baptist Church. In 1915 it incorporated under the laws of this state and, dropping the words "Free Will" from its name, became the Warwick Central Baptist Church. The church building was commonly referred to as the "meeting house" by the older residents of the village of Apponaug.

The society, which was often commonly referred to as the Warwick Central *Free Will* Baptist Society, was incorporated as the Warwick Central Baptist Society under the laws of Rhode Island in 1834, that is, at or about the same time that the church was organized as an unincorporated association. The society held the property and managed all the business affairs of the church. Every member of the church over twenty-one years of age was enrolled as a member of the society. This relation between church and society has continued the same, without change or interruption, to the present time.

The evidence further clearly shows that at the time of the testator's death the property in question was used by the society as a parsonage and that it continued to be so used until 1930, when the parsonage was located on other premises. Thereafter such property was rented and the income

therefrom was used for church purposes. As late as 1944 insurance on property held by the society was made out to the Warwick Central *Free Will* Baptist Society of Apponaug. Furthermore, the records of the society list the testator as a member thereof and the holder of two pews in the church with which it is so closely related. There is no evidence that the doctrinal practices of either church or society have been modified or changed at any time since the death of the testator, nor that there is any dissension between the two organizations or among the members thereof.

The property devised by the testator to the Free Will Baptist Society is described in the will as the house and lot "nearly opposite the meeting-house of the said Baptist Society". We have already indicated how the words "Free Will" were used in connection with the name of the society and that of the church, and also that the church building was often referred to as the "meeting house". The property thus devised is in fact "nearly opposite the meeting-house", namely, the church building.

The undisputed evidence in this cause leaves no doubt as to the identity of the intended beneficiary. Although there is a misnomer of the devisee, it is clear that the testator intended to devise the property under consideration to the society of which he was a member and which functioned in conjunction with the church, or meeting house, where he worshipped. It is well settled that the misnomer of a devisee or legatee is immaterial if the person or party intended can be identified by the description in the will, aided, when necessary, by the pleadings and the evidence in the cause. *Deserving Poor Boys Priesthood Ass'n.* v. *Rhode Island Hospital Trust Co.*, 53 R. I. 310; *Tillinghast* v. *Boy Scouts of America*, 47 R. I. 406; *Guild* v. *Allen*, 28 R. I. 430.

We find, therefore, that the testator intended to and did devise the house and lot described in clause VI of his will to the Warwick Central Baptist Society, the complainant in this cause.

On May 7, 1947, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Edward L. Godfrey*, for complainant.

No appearance for respondents.