FIRST BAPTIST CHURCH IN EXETER *vs.*
MRS. ALFRED C. SOBAN *et al.*

JUNE 2, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

116 

CONDON, J. This is a bill in quity for the construction of the will of Russell G. Peckham, late of the town of Exeter, deceased. The cause being ready for hearing for final decree has been certified by the superior court for our determination in accordance with general laws 1938, chapter 545, §7.

The necessity for construction arises from the eighth clause of the will which is as follows: "All the rest and residue after all expenses are paid, I give, devise and bequeath to the First Exeter Church, otherwise known as the Liberty Church, to said Church forever." Ordinarily a simple devise and bequest of this nature ought not to present any problem for construction. The difficulty, however, is that there is no church in Exeter precisely so named. The evidence shows that there is a First Baptist Church in that town and that it is otherwise known as the Liberty Church. It thus appears that there is a latent ambiguity in the will as to the identity of the named residuary legatee and devisee. In such a case evidence *dehors* the will may be resorted to for the purpose of resolving that ambiguity. *Lewis* v. *Douglass*, 14 R. I. 604.

The evidence is undisputed that at the date of the execution of the will there was no church in Exeter answering the exact description in the above clause nor is there such

a church now. It does appear, however, that there is a church in that town known as the First Baptist Church in Exeter which was incorporated in 1856; that it is sometimes called "Liberty Church"; that there is thereon a sign designating the church as the "Liberty Church"; that it was placed there approximately sixty years ago; that there is also a sign on the post office about a mile away pointing in the direction of that church the way to "Liberty Church"; and that there is no other church in Exeter known as the "Liberty Church."

We think it is apparent from such evidence that there is a clear misnomer of the intended residuary devisee and legatee. If from the description in the will, aided by extrinsic evidence, the true beneficiary can be clearly ascertained and identified such misnomer is immaterial. *Pell v. Mercer*, 14 R. I. 412; *Deserving Poor Boys Priesthood Ass'n v. Rhode Island Hospital Trust Co.*, 53 R. I. 310; *Warwick Central Baptist Society v. Hohler*, 72 R. I. 445. In our opinion the evidence here, taken together with the reference in the will to "Liberty Church" reasonably and clearly identifies the First Baptist Church in Exeter as the true beneficiary of the testator's bounty under the eighth clause of his will. Therefore, by virtue of that clause, such church is the legal owner of all real estate belonging to the testator and not otherwise disposed of in his will.

On June 7, 1950 the parties may present to this court a form of decree in accordance with this opinion for entry in the superior court.

*John Turnbull, Edward M. Botelle, William J. McGair,* for complainant.

*Frank G. Shea,* guardian *ad litem.*

*William E. Powers,* Attorney General, *John F. O'Connell,* special counsel, for State, *amicus curiae.*