219 A.2d 772.

Rhode Island Hospital Trust Company, *Trustee u/w of*
Mary Adams Willard *vs.* Richard C. Hooker *et al.*

MAY 26, 1966.

Present: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a bill in equity brought in the superior court for the construction of and instructions in relation to the will of Mary Adams Willard, late of the town of Middletown, who deceased on April 27, 1933 leaving a will dated July 17, 1931. It is represented that all interested persons are parties respondent. A duly-appointed representative appeared for persons not in being or not ascertainable who have or may have an interest or who may be in the military service, and Michael S. Hooker, a named respondent and a minor, is represented by a guardian ad litem. When the cause was ready for hearing for final decree it was certified to this court under G. L. 1956, §9-24-28, for our determination.

The pertinent portion of the will which is here the subject of construction reads as follows:

"Item 6. * * *

"4. * * * (2) And the other one-half part thereof, I direct said Rhode Island Hospital Trust Company to hold in trust and to pay over the net income thereof to my niece, Dorothy Willard Hooker, for and during her natural life, and upon her death to pay over the net income thereof, share and share alike, to the children of said Dorothy Willard Hooker who shall be living at her decease, *per stirpes,* until they shall severally reach the age of twenty-one years; and as and when each of said children shall so reach said age of twenty-one years, I direct my said trustee to pay over to him or her respectively, free and clear of any trust, his or her proportionate part of the principal of said trust fund. And in the event that any of said children of said Dorothy Willard Hooker shall die before reaching the age of twenty-one years, leaving issue, I direct said trustee to pay over to said issue, free and clear of any trust, the proportionate part of the principal of said trust estate, to which their, his or her parent would have been entitled if living, said issue in all cases taking *per stirpes,* by right of representation, the share which their, his or her parent would have taken if living; and if either of said children shall die before reaching said

age of twenty-one without issue, his or her share in said income or principal shall pass to the surviving brothers or sisters and/or their issue *per stirpes* in the manner and subject to the trusts herein provided."

Dorothy Willard Hooker, the life tenant, died on February 27, 1964 survived by three children, Richard C. Hooker, Joseph H. W. Hooker and Elizabeth Cawein, each of whom has attained his majority and is a respondent. Dorothea S. Cahill, a fourth child, predeceased her mother and left as her sole surviving issue a minor son Michael, who was thereafter on June 26, 1953 adopted by his grandmother Dorothy.

The complainant, the trustee named in the will, poses four specific questions. Basically, however, the critical issue is whether Michael, who all parties concede should take whatever share would have gone to his natural mother had she survived, is entitled to an additional share as the adopted child of his grandmother Dorothy.

We start by examining the will to ascertain, if we can, what the testatrix intended, for if evidence can be found within the will or in the circumstances attendant upon its formulation of a dispositive plan either to include an adoptee as an eligible taker or to exclude him from participating in the gift over to "children" it will, of course, control. *Rhode Island Hospital Trust Co.* v. *Sack,* 79 R. I. 493; *Smith* v. *Bradford,* 51 R. I. 289; *In re Truman,* 27 R. I. 209. In this area, a careful study of the will discloses no evidence of a testamentary intention, if indeed there was any. On this the parties agree. In these circumstances, as in others where obscurity exists because there is neither evidence of a donative intent nor testamentary language which is free from ambiguity, we invoke the constructional aids, not to accomplish the impossible by discovering an undisclosed or secret intention or one that never existed, but in order to reach a judicial determination. *Manufacturers National Bank* v. *McCoy,* 100 R. I. 154, 212 A.2d 53.

Only a few years ago in *Prince* v. *Nugent,* 93 R. I. 149, we considered at length the right of an adopted child to qualify as a taker under a gift to the "children" or the "issue" of an adoptive parent. In that case a majority of this court as then constituted recognized the power of the legislature to prescribe rules of construction for dispositive instruments, and heeding the legislative directive[1] they construed an inter vivos trust, there being no evidence of a contrary intention, so as to include an adopted child within a limitation to the lawful issue of an adoptive parent. That holding would be of assistance, if not controlling, in the determination of the fundamental issue before us had not the legislature subsequent to the decision limited the application of the previously-established constructional preference to those children who are "adopted during the lifetime of the maker of such instrument * * *." G. L. 1956, §15-7-16, as amended by P. L. 1962, chap. 167, sec. 1. Because Michael's adoption postdated the testatrix' death the presumption of entitlement created by the existing statute for those adopted during the lifetime of the maker of the instrument does not work in his favor and in order to determine Michael's rights we must resort to other constructional aids.

Although the legislature as early as P. L. 1866, chap. 627, sec. 7, showed its concern for adoptees by conferring upon them the capacity to inherit from or through adoptive parents, it was not until the enactment of P. L. 1956, chap. 3851, that it first exercised its power to make constructional

---

[1]G. L. 1956, §15-7-16, as amended by P. L. 1956, chap. 3851, in relevant portion provides:

"In the construction of any instrument whether executed before or after the time of enactment of this chapter a child so adopted and his descendants shall be deemed to be included within a limitation to the lawful issue or descendants, as the case may be, of the parent or parents by adoption, unless a contrary intention shall appear by the terms thereof * * *."

rules for application in the determination of whether an adoptee will qualify as a taker under a limitation to the "issue" or "children" of his adoptive parent. In the interval between 1866 and 1956 the rule we applied in construing such instruments was judicial rather than legislative in origin, *Prince* v. *Nugent, supra* at 159, and we held that a limitation of the kind we have been discussing usually would not include an adopted child unless an intent to qualify him as a taker was manifested either from the testamentary language or the surrounding circumstances. *Rhode Island Hospital Trust Co.* v. *Sack, supra; Union Trust Co.* v. *Campi,* 51 R. I. 76.

The respondent Michael argues, however, that in *Campi* and *Sack* we discarded without either warrant or discussion the inclusionary rule which had until then prevailed and which was no different from that legislatively established in 1956. While some of the cases on which he relies to uphold that contention, such as *In re Truman, supra,* are distinguishable because they turn on an expressed donative intent rather than on a constructional rule, it is nonetheless true that we held in *Hartwell* v. *Tefft,* 19 R. I. 644, that an adopted daughter, absent a contrary manifested intent, was equally entitled as was a child born in lawful wedlock to share in a gift to "lawful issue" and that we followed *Hartwell* in *Olney, For an Opinion,* 27 R. I. 495. The holdings in *Hartwell* and *Olney* cannot be reconciled with those in *Campi* and *Sack.* In the former we adopted a rule of inclusion and in the latter, without even a reference to the earlier decisions, we turned to an exclusionary principle.

The time has come to remove doubts and to forestall further controversy as to what principle controls. We expressly overrule *Hartwell* v. *Tefft, supra,* and the cases which follow it and we reaffirm *Campi* and *Sack.* This in substance is what the majority did in *Prince* v. *Nugent, supra,* when at page 158 they said that the long-established rule

of construction in this state is "that an adopted child is not to be deemed included within such a limitation unless an intention to include such child therein clearly appears from the terms of the instrument or the surrounding circumstances."

We come now to an application of the law as we have discussed it to the facts as they appear. There is nothing in the record before us which reveals that the testatrix intended that a person adopted after her decease should be included within the class of those eligible to participate as takers in the gift in remainder to Dorothy's children or indeed that she ever concerned herself with the problems which might arise if that eventuality occurred. In these circumstances the rule in *Campi* governs and Michael is not qualified as an adopted child of his grandmother Dorothy to take a proportionate share. In the light of this conclusion there is no need to pass on the question of whether we would under a different factual situation permit a dual inheritance by one claiming as an adopted child of a grandparent and in addition as a grandchild either representing the stock of his deceased parent or by virtue of membership in the class entitled to share in a gift over following a life estate.

We turn now to the questions raised in the bill of complaint. The parties are agreed that Michael is entitled to take the share of the trust, both principal and income, that his mother would have taken had she survived and, respecting their agreement, we hold that he is entitled to share equally with Richard C. Hooker, Joseph H. W. Hooker and Elizabeth Cawein in the principal and accrued income of the trust. The remaining question relates to whether Michael's share of the principal and accrued income shall be paid to or held beneficially for him until he reaches the age of twenty-one. While this question was deemed to be of serious enough import to warrant its submission, the par-

ties, other than the representative of persons not in being or not ascertainable, have either neglected to express any views thereon or have done so conclusionally without support of citation or discussion. In these circumstances we deem it neither necessary nor proper for us to make the determination required under the statute.

On June 10, 1966, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Sheffield & Harvey, Richard B. Sheffield,* for complainant.

*Macioci and Morrison, Joseph J. Macioci,* for respondents Joseph H. W. Hooker and Elizabeth Cawein.

*Moore, Virgadamo, Boyle & Lynch, Scott Umsted, Jr.,* for respondent Cornelius C. Moore, Guardian Ad Litem for Michael S. Hooker, Minor.

*Edward B. Corcoran,* Guardian Ad Litem and attorney for persons in military service.