219 A.2d 763 (1966)
ALUMNAE ASSOCIATION OF the NEWPORT HOSPITAL SCHOOL OF NURSING
v
J. Joseph NUGENT, Attorney General.
C. Q. No. 1-80.
Supreme Court of Rhode Island.
May 27, 1966.
Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle, Newport, for complainant.
Harold S. Moskol, Sp. Asst. Atty. Gen., for respondent.
JOSLIN, Justice.
This is a bill in equity brought in the superior court by the Alumnae Association of the Newport Hospital School of Nursing, a nonbusiness corporation of this state, hereinafter sometimes referred to as the "Alumnae Association," for the construction of and instructions in relation to the will of Adelene A. Tuck, late of the town of Middletown who died on September 1, 1959. The attorney general of the state is the only respondent, having been named conformably to G.L. 1956, § 18-9-5, which requires, insofar as here relevant, that he be notified as an interested party of all judicial proceedings affecting a trustee who holds property in trust for educational purposes. When the cause was ready for hearing for final decree it was, pursuant to § 9-24-28, certified to this court for determination.
The provision of the will which is the subject of complainant's inquiries is clause Fourteenth[1] wherein the testatrix made a residuary gift of approximately $60,000 "to the Newport Hospital Nurses Alumni Association to be used to provide scholarships for persons who desire to make nursing their vocation and who have the intention and purpose to become good bedside nurses." The complainant's primary concern is with obtaining approval for a scheme it has framed for the administration of the trust.
At the threshold, however, and before reaching the specific questions posed, we raise sua sponte the problem created by the testatrix' having identified the beneficiary in her will as the "Newport Hospital Nurses Alumni Association" rather *765 than as the "Alumnae Association of the Newport Hospital School of Nursing" which is complainant's correct corporate designation. The parties gave no heed in their presentation of the case to us of the misnomer nor apparently did the executors when they distributed the legacy to the corporate association. The lack of concern as to identity probably stems not only from an awareness that the testatrix, a graduate of the Newport Hospital School of Nursing, was a founder and the first president of the Alumnae Association but in addition from the fact that there is no other organization in Newport county having a name similar to that of complainant. For purposes of this proceeding, therefore, we assume that the testatrix intended to leave a one-third interest in her residuary estate to the Alumnae Association, an organization with which she had long been associated and in whose affairs she had during her lifetime displayed a keen and lively interest. In these circumstances her inaccuracy in designating her beneficiary as "the Newport Hospital Nurses Alumni Association" is immaterial the true identity of the object of her benefaction being otherwise evident. First Baptist Church v. Soban, 77 R.I. 115, 73 A.2d 772; Warwick Central Baptist Soc'y v. Hohler, 72 R.I. 445, 53 A.2d 494; Deserving Poor Boys Priesthood Ass'n v. Rhode Island Hospital Trust Co., 53 R.I. 310, 166 A. 359.
We turn now to the questions asked by complainant. It requests that we construe the will so as to permit the application of the principal of the fund and the income derived therefrom for awards of scholarships for graduate studies to such alumnae of the Newport Hospital School of Nursing as may from time to time be selected by a scholarship committee to be appointed by its president.
The testamentary intention is clear and certain. It remains only to determine whether the plan of administration proposed by complainant fits the design provided by the testatrix in her will. We look to the record. It discloses that many of the approximately twenty-five students who each year complete the three-year course of studies at the Newport Hospital School of Nursing fulfill the criteria delineated by the testatrix  they have the desire to make nursing their profession and they intend to become good bedside nurses. Likewise it reveals that the complexities of modern-day medicine have so enlarged the scope of the knowledge a nurse must have to attain proficiency in her profession that advanced training at the postgraduate level has become desirable. Such training not only makes the recipient professionally more competent but in addition develops "better bedside nursing." Technical competence as well as attitude toward the patient are essential ingredients to "good bedside nursing."
On this record it cannot be doubted that an award of scholarships for graduate studies in nursing to almnae of the Newport Hospital School of Nursing who meet the criteria will fall within the ambit of the testatrix' testamentary objectives. And while expenditures other than as proposed by complainant would equally satisfy the expressed dispositive intention to benefit "persons" who desire nursing as their vocation and who intend to become good bedside nurses, the selection of the particular method for the attainment of the testatrix' objectives was left to complainant's discretion. So long as the exercise of that discretion is legitimate, it is not part of the judicial function to interfere or to suggest alternatives. We do no more than approve complainant's determination of the manner in which it proposes to carry out the testatrix' purposes. Hills v. D'Amours, 95 N.H. 130, 59 A.2d 551; 4 Scott. Trusts § 392, p. 2765.
A more troublesome question than whether complainant's plan is within the limitations fixed by the testatrix relates to whether the principal of the fund as well *766 as the income derived therefrom may be used in its execution. While complainant asks to be instructed in this regard the record which it brings to us rather than indicating that implementation of the plan necessitates the use of principal shows instead that it is presently contemplated that income only will be used in the administration of the scholarship program. In these circumstances, notwithstanding our readiness to instruct for the purpose of enabling a trustee to carry out its duties and to protect it in the discharge thereof, Selleck v. Thompson, 28 R.I. 350, 67 A. 425, Rhode Island Hospital Trust Co. v. Rhode Island Homeopathic Hospital, R.I., 87 A. 177, we will not act where the assistance requested is on a problem which may never arise or will arise only at some time in the indeterminate future. Oldfield v. Attorney General, 219 Mass. 378, 106 N.E. 1015.
For the foregoing reasons as well as for the additional reason that the parties have neither briefed nor argued the issues which the question propounded evokes, we must refuse to answer. See Jorge v. da Silva, R.I., 218 A.2d 661, and Rhode Island Hospital Trust Co. v. Hooker, R.I., 219 A.2d 772 (filed May 26, 1966).
Finally we come to the question of the propriety of lodging the responsibility for the selection of scholarship recipients in a committee appointed by the complainant's president pursuant to a vote of its board of directors. That question relates to the internal management and administration of the complainant's corporate affairs rather than to a construction of the decedent's will or the execution of any obligations imposed thereunder. For those reasons it obviously does not fall within our jurisdiction on a bill for the construction of a will.
On June 10, 1966, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.
NOTES
[1] "Fourteenth: All the rest, residue and remainder of my property of every kind, nature and description, real, personal and mixed, wherever situated and howsoever and whensoever by me acquired, whether before or after the execution of this my Will, of which I may die seized, or over which I may have any power of appointment or disposition, I give, devise and bequeath, absolutely and in fee simple, as follows:

"One-Third (1/3) thereof to the Newport Hospital, located in the said City of Newport, to be used to provide a bed for the use of Registered Nurses who require hospitalization and who are financially unable to pay for the same. The question of the need of the particular individual shall be determined by the Board of Trustees of said Hospital or by a committee designated by said Board to perform that function.
"One-Third (1/3) thereof to the Newport Hospital Nurses Alumni Association to be used to provide scholarships for persons who desire to make nursing their vocation and who have the intention and purpose to become good bedside nurses.
"One-Third (1/3) thereof to St. Mary's Parish, located in the Town of Portsmouth, said State of Rhode Island, to be used for any purposes which in the judgment of the Rector and the Vestry of said Parish are for the best interests of said Parish."