**GREATER PROVIDENCE CHAPTER, R.I. ASSOCIATION OF RETARDED CITIZENS d.b.a. John E. Fogarty Center**

v.

**JOHN E. FOGARTY FOUNDATION FOR THE MENTALLY RETARDED.**

No. 82–475–Appeal.

Supreme Court of Rhode Island.
March 13, 1985.

William C. Hillman, Strauss, Factor, Hillman & Lopes, P.C., Providence, for plaintiff.

William P. Robinson III, Edwards & Angell, Providence, for defendant.

## OPINION

PER CURIAM.

This probate appeal concerns a will in which the John E. Fogarty Foundation for the Mentally Retarded (the Foundation) was specifically named as the residuary legatee. The Greater Providence Chapter, R.I. Association of Retarded Citizens d.b.a. John E. Fogarty Center (the Center) has consistently but unsuccessfully contended, both in the Johnston Probate Court and again on appeal before a Superior Court justice, that the Center rather than the Foundation was the intended beneficiary.

In *Edwards v. DeSimone*, 105 R.I. 335, 345, 252 A.2d 327, 333 (1969), this court observed that when the testamentary intent is ascertainable from within the four corners of the will, resort to extrinsic evidence is unnecessary and improper, and the invocation of rules of construction is uncalled for.

The Center, which operates what might be called a sheltered workshop for the retarded, cites various Rhode Island cases in which extrinsic evidence was allowed to be presented as an aid in determining the testator's intent. The cases cited, however, all involve situations in which the testamentary language was ambiguous on its face or contained a misnomer as to the identity of the legatee, thereby creating a latent ambiguity. *See Warwick Central Baptist Society v. Hohler*, 72 R.I. 445, 53 A.2d 494 (1947), in which evidence was adduced to indicate that when the testator devised the real estate to "Free Will Baptist Society of Apponaug, in said Warwick," he intended to give the property to the Warwick Central Baptist Society. Here there is no ambiguity. The Foundation was created by the General Assembly[1] and is specifically and correctly set forth in the will as the residuary legatee.

At oral argument, counsel for the Center argued that we should travel the route taken in *Chile v. Beck*, R.I., 452 A.2d 626, 627 (1982), where the court, in overruling a trial justice, rejected his reliance on the principle that when a testator has devised an absolute fee, any subsequent language indicating a restriction on the devise is a nullity. Each will, however, rises or falls on the clarity or lack of clarity of its language. In *Chile* we emphasized that once the fee is given, it will not be thereafter taken away or diminished "unless the terms [of the will] clearly demonstrate an intent to limit the prior devise." *Id.* 452 A.2d at 628.

The will in *Chile* was ambiguous, but there is no ambiguity in the will now before us. Notwithstanding the resourcefulness and diligent efforts of the Center's counsel, we will continue to abide by the principle that parol or extrinsic evidence cannot be used to vary the unambiguous terms of a will. To do otherwise would cast a cloud of uncertainty over all wills.

The Center's appeal is denied and dismissed.

BEVILACQUA, C.J., and SHEA, J., did not participate.

---

1. *See* 1 Rhode Island Acts and Resolves, January 1964 Session, 855–56. One of the Foundation's corporate purposes is "To foster and encourage the rehabilitation of persons mentally retarded; and in areas closely related thereto."