February 23, 2018

Elaine Jaffe             :           No. 2016-298-Appeal.
                                (PB 14-2228)

v.            :

William C. Pournaras, Trustee of the    :
Irrevocable Living Trust of Constantine W.
Pournaras, Trustee of the Constantine Living
Trust, and Personal Representative of the
Estate of Constantine W. Pournaras.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| Elaine Jaffe | : | No. 2016-298-Appeal. |
| | | (PB 14-2228) |
| v. | : | |
| William C. Pournaras, Trustee of the Irrevocable Living Trust of Constantine W. Pournaras, Trustee of the Constantine Living Trust, and Personal Representative of the Estate of Constantine W. Pournaras. | : | |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, Elaine Jaffe (Jaffe), and the defendant, William C. Pournaras (Pournaras), are the two surviving children of Constantine W. Pournaras (Constantine or decedent).[1] The matter presently before us is the defendant's appeal from a Superior Court judgment granting the plaintiff's request for declaratory relief and prohibiting the defendant from transferring assets of the decedent's irrevocable living trust into the decedent's estate. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] We refer to the decedent by his first name to avoid confusion. No disrespect is intended.

# I

## Facts and Procedural History

Constantine, who passed away on November 10, 2012, executed three documents during his lifetime that are pertinent to this appeal: a revocable living trust (the living trust), an irrevocable living trust (the irrevocable trust), and a last will and testament (the will).

The living trust was executed on December 2, 1993, amended on August 22, 2003, and amended a second time on October 17, 2008. In the living trust's most recent restatement, Constantine is named as trustor and sole trustee, and Pournaras is named as the sole successor trustee. According to Jaffee, the living trust was "funded with approximately $500,000." The living trust provides that, upon Constantine's death, the trustee (Pournaras) "shall pay the property located at 43 Knollwood Avenue, Cranston * * * to * * * POURNARAS * * *"; the living trust also provides that, if the trust owned liquid resources, the trustee shall pay $50,000 from those liquid resources to Jaffe, not including the aforementioned real property.

The irrevocable trust was executed on August 22, 2003, and names Pournaras as trustee. Jaffe maintains that Pournaras advised her that the irrevocable trust contained assets worth approximately $694,000. Article 4, section 2 of the irrevocable trust reserves to Constantine the power "to appoint any part or all of the [t]rust [e]state to or for the benefit of any of [his] descendants, in equal or unequal amounts, either directly or in [t]rust, as [he] may direct." The irrevocable trust specifies that this power of appointment is "exercisable by written instrument during [his] lifetime or by [w]ill or any [c]odicil thereto[.]" The power of appointment, however, is limited and cannot "be exercised in favor of [Constantine's] estate, the creditors of [his] estate or in any way that would result in any economic benefit to [him]." Also, article 8, section 1

directs Pournaras, as trustee, to divide the trust assets into "separate and equal shares" between Jaffe and Pournaras, as his surviving children, upon Constantine's death.

The will was executed on October 17, 2008. It names Pournaras as personal representative and provides that he "shall distribute [Constantine's] residuary estate to the then acting [t]rustee" of the living trust (Pournaras). Section 5.01 of the will defines "residuary estate" as, in relevant part, "any property over which [Constantine] may have a power of appointment * * * less all valid claims asserted against [his] estate * * *."

In January 2014, the will was admitted to probate and Pournaras was appointed as the personal representative of Constantine's estate. Jaffe filed a complaint in May 2014 seeking declaratory and injunctive relief to prevent Pournaras from transferring the assets of the irrevocable trust into Constantine's estate, and also to have Pournaras removed as trustee. In her complaint, Jaffe alleged that Pournaras intended to transfer assets from the irrevocable trust to Constantine's estate by exercising the limited power of appointment under article 4, section 2 of the irrevocable trust. In his counterclaim, Pournaras maintained that section 5.01 of the will was intended to be an exercise of the limited power of appointment contained within article 4, section 2 of the irrevocable trust.

Jaffe and Pournaras filed cross-motions for summary judgment. Following a hearing, the Superior Court issued a decision on June 23, 2016, in favor of Jaffe; the court concluded that Pournaras's intended exercise of the limited power of appointment reserved by Constantine would be in contravention of Constantine's intentions as expressed in article 4, section 2 of the irrevocable trust by exposing the trust assets to the potential claims of creditors. The decision pronounced that Constantine's "clear intent, as expressed in [a]rticle [4], [s]ection 2 of the [i]rrevocable [t]rust, was that the limited power of appointment be exercised for the benefit of his

descendants, rather than his creditors[,]" and that, if the court "were to adopt Pournaras'[s] reading of [s]ection 5 of the [w]ill as a valid exercise of the decedent's limited power of appointment, the [i]rrevocable [t]rust assets would become part of the decedent's residuary estate and would then be subject to the claims of the decedent's creditors." The Superior Court prohibited Pournaras "from transferring the assets of the [i]rrevocable [t]rust into [Constantine's] estate[,]" and directed him to divide the trust into two equal shares "to be distributed as otherwise provided in the trust instrument * * *."

## II

### Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id*. (quoting *Daniels*, 64 A.3d at 304). "Furthermore, 'the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions.'" *Id*. (quoting *Daniels*, 64 A.3d at 304). "[S]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id*. (quoting *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I. 2007)).

"We similarly employ a *de novo* standard '[w]hen reviewing an appeal based on an alleged error of law.'" *Warwick Sewer Authority v. Carlone*, 45 A.3d 493, 498 (R.I. 2012)

(quoting *N & M Properties, LLC v. Town of West Warwick*, 964 A.2d 1141, 1144 (R.I. 2009)). "Our review is *de novo* because this Court is in the best position to decide the merits of a given question of law." *Id.* (quoting *N & M Properties, LLC*, 964 A.2d at 1144).

## III

### Discussion

"This Court's 'primary objective when construing language in a will or trust is to ascertain and effectuate the intent of the testator or settlor as long as that intent is not contrary to law.'" *Steinhof v. Murphy*, 991 A.2d 1028, 1033 (R.I. 2010) (quoting *Fleet National Bank v. Hunt*, 944 A.2d 846, 851 (R.I. 2008)). We first consider the plain language of the will or trust. *Fleet National Bank*, 944 A.2d at 851. We will not resort to considering extrinsic evidence where the intent is clear "from within the four corners of the will[.]" *Hayden v. Hayden*, 925 A.2d 947, 951 (R.I. 2007) (quoting *Greater Providence Chapter, R.I. Association of Retarded Citizens v. John E. Fogarty Foundation for the Mentally Retarded*, 488 A.2d 1228, 1229 (R.I. 1985)).

Jaffe argues that the plain language of article 4, section 2 of the irrevocable trust is clear and expresses Constantine's intention to prohibit the limited power of appointment from being exercised in favor of Constantine's estate or creditors of his estate. Jaffe argues that "Constantine could have, but did not exercise [his limited power of appointment] by his will to appoint the property to a third party, such as directly to his living trust or to [Pournaras]." Jaffe contends that the language of section 5 of the will does not constitute a valid exercise of the power of appointment because it would contravene the plain language of the irrevocable trust, which expressly prohibits the exercise of the power of appointment for the benefit of Constantine's estate. We agree.

Section 5.01 of the will clearly defines Constantine's residuary estate as "any property over which [Constantine] may have a power of appointment * * * less all valid claims asserted against [his] estate[.]" To read this clause as a valid exercise of Constantine's power of appointment would allow trust assets to be placed in the residuary estate, and thereby subject to the claims of creditors. This would be inconsistent with the terms of the irrevocable trust and, therefore, impermissible without specific language in the irrevocable trust that reserved such a right. *See Garneau v. Garneau*, 63 R.I. 416, 424, 9 A.2d 15, 18 (1939) (a settlor of a trust may not revoke or modify a trust he created unless he has reserved for himself the power to do so).

We are also of the opinion that Pournaras's reliance on *Hooker v. Drayton*, 69 R.I. 290, 33 A.2d 206 (1943), for the proposition that "property which is transmitted by a testator in the exercise of a power granted to him by another to appoint by will is neither in law nor in fact a part of the testator's estate[,]" is misplaced. *Hooker*, 69 R.I. at 295, 33 A.2d at 209. The question confronting this Court in *Hooker* was whether the testator intended to charge to his residuary estate the obligation for the payment of taxes on the testator's exercise of a testamentary power of appointment. *Id.* at 292, 33 A.2d at 208. This Court held: "In the absence of a clearly expressed intent to the contrary in the decedent donee's will such tax is ultimately to be borne by the appointed property, and not by his residuary estate." *Id.* at 296, 33 A.2d at 210.

In the case before us, however, if the exercise of the power of appointment were deemed valid, the very terms of Constantine's will would place the assets of the irrevocable trust in his residuary estate, thereby subjecting them to the demands of creditors. As the trial justice cogently remarked, "[a]lthough the exercise of the limited power of appointment would not, *ipso facto,* result in the assets of the [i]rrevocable [t]rust becoming part of the decedent's estate, Pournaras'[s] reading of [s]ection 5 of the [w]ill would have the effect of placing [i]rrevocable

[t]rust assets in the residuary estate where they would be subject to the claims of the decedent's creditors[,]" contrary to Constantine's intent as expressed in the irrevocable trust.

Pournaras also argues that we should consider extrinsic evidence to ascertain Constantine's intent in creating the irrevocable trust. Specifically, he contends that the terms of the will and the 2008 restatement of the living trust "altered" the testamentary directives contained in the irrevocable trust. Pournaras argues that "[Constantine], by including property over which he had reserved a power of appointment in his residuary estate, could not have consciously intended to defeat or frustrate his clearly stated objective of limiting [Jaffe's] inheritance to $50,000.00 of available liquid assets."

Because we find the language of the irrevocable trust to be clear and unambiguous, however, we need not resort to extrinsic evidence to determine Constantine's intent. The power of appointment was to be executed "for the benefit of any of [his] descendants, in equal or unequal amounts," and "not * * * in favor of [his] estate[.]"

It is our opinion that a reading of section 5.01 of the will as a valid exercise of Constantine's power of appointment would be inconsistent with the clear language contained in article 4, section 2 of the irrevocable trust. Therefore, we conclude that the Superior Court did not err in holding that the defendant's intended exercise of the limited power of appointment contained in article 4, section 2 of Constantine's irrevocable living trust was invalid.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Elaine Jaffe v. William C. Pournaras, Trustee of the Irrevocable Living Trust of Constantine W. Pournaras, Trustee of the Constantine Living Trust, and Personal Representative of the Estate of Constantine W. Pournaras. |
| **Case Number** | No. 2016-298-Appeal. (PB 14-2228) |
| **Date Opinion Filed** | February 23, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Michael A. Silverstein |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br>Bernard A. Jackvony, Esq. <br>Matthew C. Reeber, Esq. <br>Rebecca M. Murphy, Esq. <br><br>For Defendant: <br><br>James A. Bigos, Esq. <br>Scott Partington, Esq. |

SU-CMS-02A (revised June 2016)